UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Inez Hunter,<br><br>                 Plaintiff,<br><br>v.<br><br>Jane Anderson, et al.,<br><br>                 Defendants. | Sealed Civil No. 12-2008 (MJD/AJB)<br><br>**REPORT AND RECOMMENDATION<br>ON PLAINTIFF'S MOTION<br>FOR PRELIMINARY INJUNCTION** |

      This matter is before the Court, United States Chief Magistrate Judge Arthur J. Boylan, on Plaintiff's Motion for Preliminary Injunction. (Docket Nos. 75[1].) The motion has been referred to the magistrate judge for report and recommendation to the district court under 28 U.S.C. § 636 and Local Rule 72.2(b). A hearing was held on the motion on January 14, 2013 at the U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota. Plaintiff Inez Hunter appeared *pro se*. Leah Janus and Haley Waller Pitts appeared on behalf of Defendants Jane Anderson, John Duffy, Jeff Von Feldt, Jenel Sauber, Northstar Residential, LLC, and Pondview Townhomes of Woodbury, LP (the "Pondview Defendants").

      For the reasons discussed below, the Court recommends that Plaintiff's motion for preliminary injunction be denied.

---

[1] Docket No. 75 is entitled "Second Notice of Motion and Request for Preliminary Injunctions and Protective Order Pursuant to Rule 65" and was received by the Clerk's office on December 7, 2012. Plaintiff had previously filed a first motion for preliminary injunction, received by the Clerk's Office on October 29, 2012. Although Plaintiff's first motion was not docketed at the time, the Court is aware of her first motion and has considered both her first and second motions for preliminary injunction in making its Report and Recommendation. The Clerk's office has docketed Plaintiff's first motion for preliminary injunction, entitled "Notice of Motion and Request for Preliminary Injunctions Pursuant to Rule 65" at Docket No. 126. The Court intends this Report and Recommendation to address both Plaintiff's motions for preliminary injunction.

**BACKGROUND**

Plaintiff currently resides in an apartment she rents from Defendant Pondview Townhomes of Woodbury, LP ("Pondview"). On December 1, 2011, Pondview filed an eviction action against Plaintiff for having an unauthorized occupant in her unit ("the 2011 eviction action"). (*See* Docket No. 51, Declaration of Haley L Waller Pitts at Ex. A.) According to Pondview, the 2011 eviction action was settled on the record at the eviction hearing held on December 15, 2011, when the parties agreed that Plaintiff's lease would be terminated on January 31, 2013. (*See id.* at Ex. B; Docket No. 50, Pondview Defendants' Response in Opposition to Plaintiff's Motion for Injunctions, at 2.) In the instant motion, Plaintiff disputes that she reached an enforceable agreement with Pondview that she would move out of the apartment on January 31, 2013 and alleges that the settlement of the 2011 eviction action was a "result of 'Intrinsic and Extrinsic' Fraud outside and inside of court." (Docket No. 76, Affidavit of Inez Hunter in Support of Preliminary Injunction, at 2.)

Plaintiff filed this action on August 15, 2012 against the Pondview Defendants, John Does 1 through 50 in the Minnesota Department of Human Rights, Kimberly Nevels, and John Does 51 through 100 in the United States Department of Housing and Urban Development. (Docket No. 1.) Plaintiff asserts seven causes of action, including claims under the False Claims Act and Minnesota False Claims Act and the Fair Housing Act. (*Id.*) Plaintiff alleges retaliation, discrimination, breach of statutory duty, and invasion of privacy, among other things. (*Id.*)

Plaintiff's motion for a preliminary injunction seeks an order prohibiting defendants from seeking to evict her from her apartment when her lease ends on January 31, 2013. Specifically, Plaintiff's motion requests that the Court issue an injunction "prohibiting the Defendants Pondview Townhomes Conspirators from evicting the plaintiff from her townhome because the

settlement is a product of fraud and the plaintiff is disabled and on Social Security Disability."
(Docket No. 75, Second Notice of Motion and Request for Preliminary Injunctions, at 2.)
Plaintiff further requests the Court prohibit "Pondview Townhomes, and Northstar Residential from conspiring to Evict Plaintiff from said dwelling in retaliation for Plaintiff opposing the Defendant's 'Jim Crow policies' in the Washington County District Court." (*Id.* at 20.)

Plaintiff states that she is "in fear [of] losing [her] housing that will compromise [her] health, safety and security. . . ." (Docket No. 76, Affidavit of Inez Hunter, at 5.) Plaintiff further alleges that on November 20, 2012 she 'was served with the Ninth Forced Gentrification Eviction in Retaliation for Refusal to sign HIPPA release of Medical Records Form and refusal to execute my name of forms to discharge claims against MDHR, HUD, and the US Post Office, by and through WCHRA at the behest of Pondview/Northstar. . . ." (*Id.* at 6.) Plaintiff cites a "Notice to Vacate January 31, 2013" addressed to her from Jenel Sauber, Property Manager of Pondview Townhomes, which states that "Notice is given to you that your term lease will terminate and end on January 31, 2013. You must vacate on or before that date. Your lease will not be extended beyond that date." (*Id.* at Ex. 455.)

## **DISCUSSION**

A preliminary injunction is an extraordinary remedy and the moving party has the burden of showing its necessity. *In re Travel Agency Comm'n Antitrust Litig.*, 898 F. Supp. 685, 689 (D. Minn. 1995). The Court must consider four factors in determining whether preliminary injunctive relief is warranted: "(1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981). The movant

bears the burden of establishing each factor. *Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 418 (8th Cir. 1987).

**A. Irreparable Harm**

The first factor the movant must establish is that irreparable harm will result if injunctive relief is not granted and that such harm will not be compensable by money damages. *See Packard Elevator v. Interstate Commerce Comm'n*, 782 F.2d 112, 115 (8th Cir. 1986). "The first factor, irreparable harm, is perhaps the most important as '[t]he basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies.'" *Hruby v. Larsen*, No. 05-894, 2005 WL 1540130, at *4 (D. Minn. June 30, 2005) (citing *Watkins, Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003)).

"Courts have found in certain circumstances that the loss of one's home 'and the realistic prospect of homelessness constitute a threat of irreparable harm and satisfy the first prong of the test for preliminary injunction relief.'" *Follis v. Minnesota*, No. 08-1348, 2008 WL 4151831, at *5 (D. Minn. June 30, 2008) (quoting *Baumgarten v. County of Suffolk*, 2007 WL 1490487, at *5 (E.D.N.Y. Feb. 20, 2007)). However, here, Plaintiff is not facing the imminent loss of her home. Although Plaintiff has received a "Notice to Vacate" from Pondview, she is currently living in her apartment and has not stated that she has any intention of moving out prior to January 31, 2013. Further, Pondview has taken no further action to remove Plaintiff. Pondview has not initiated eviction proceedings against her or stated that it intends to do so. As things stand at present, Plaintiff is not facing imminent eviction. This distinguishes her situation from those where courts in this district have found that "[i]f denying an injunction results in eviction, then the irreparable harm element is likely met." *Gomez v. Marketplace Home Mortgage LLC*, No. 12-153, 2012 WL 1517260, at *3 (D. Minn. April 30, 2012) (finding irreparable harm element

4

satisfied where the defendants had filed eviction proceedings against plaintiff which were currently pending in state court); *Saygnarath v. BNC Mortgage, Inc.*, No. 06-3465, 2007 WL 1141495, at *3 (D. Minn. April 17, 2007 ) (same); *Hruby*, 2005 WL 1540130, at *4 (same).

In addition, Plaintiff has not stated that the termination of her lease "will leave her homeless, nor has she stated that compensation for any alleged harm would be an inadequate remedy." *Allen v. Wilford & Geske*, No. 10-4747, 2010 WL 4983487, at *3 (D. Minn. Dec. 2, 2010); *see also Follis*, 2008 WL 4151831, at *5 (finding lack of irreparable harm where plaintiff "did not complain that either he, or his family, would be homeless if the eviction occurred"); *Watts v. Federal Home Loan Mortgage Corp.*, No. 12-692, 2012 WL 1901304, at *4-5 (D. Minn. May 25, 2012) (finding lack of irreparable harm where plaintiff did not show that harm resulting from eviction could not be adequately compensated by monetary damages); *Saygnarath*, 2007 1141495, at *3 (questioning severity of irreparable harm where plaintiffs "have not explained why their life will be substantially disrupted and why their ability to find suitable replacement housing is questionable"). In fact, in Plaintiff's complaint, she does not even seek an injunction preventing her from being evicted, although she does seek injunctions against other activities by certain defendants and seek monetary damages from the Pondview Defendants. *See* Docket No. 1 at 37-38; *Allen*, 2010 WL 4983487, at *3 (noting that complaint's request for specific amount of monetary damages representing actual investment in home suggested that monetary damages are an adequate remedy).

Under these circumstances, the Court finds that Plaintiff has failed to show that she will suffer irreparable harm if the injunction is not issued. Because "[f]ailure to show irreparable harm is an independently sufficient ground upon which to deny a preliminary injunction," the Court recommends that Plaintiff's motion for preliminary injunction be denied. *Watkins*, 346

F.3d at 844; *see also Gelco*, 811 F.2d at 420 ("Once a court determines that the movant has failed to show irreparable harm absent an injunction, the inquiry is finished and the denial of the injunctive request is warranted."). However, the Court recognizes that if Pondview or any other defendant files eviction proceedings against Plaintiff during the pendency of this lawsuit, such action would alter the status quo and impact the Court's analysis of Plaintiff's ability to show irreparable harm warranting injunctive relief. Thus, the Court recommends that Plaintiff's motion be denied without prejudice to her ability to renew her motion in the event she faces eviction proceedings pending resolution of this action.

**B.     Other Factors**

The other factors bearing on the Court's analysis as to whether an injunction should issue are the state of the balance between the plaintiff's harm absent an injunction and the injury that granting the injunction will inflict on other parties; the probability that the movant will succeed on the merits; and the public interest. *Dataphase*, 640 F.2d at 113. The Court has already recommended that injunctive relief be denied based on Plaintiff's lack of irreparable harm and therefore addresses these factors only briefly.

The Court finds that the second factor, balance of harms, does not favor issuance of an injunction for the same reasons discussed above for which the Court found lack of irreparable harm to Plaintiff absent an injunction. *See, e.g.*, *Allen*, 2010 WL 4983487, at *4.

As to the third factor, based on the Court's review of the Complaint, the Court finds that there is little chance that Plaintiff will succeed on the merits of any claim that would entitle her to the relief she seeks in this motion. First, as discussed above, Plaintiff's Complaint does not even seek injunctive relief allowing her to continue to live in her apartment or prohibiting the Pondview Defendants from evicting her. Further, Plaintiff has not offered evidence supporting

6

an argument that the settlement of the 2011 eviction action put on the record at the December 15, 2011 hearing should not be enforced. *See, e.g.*, *Rostamkhani v. Option One Mortgage Corp.*, No. 09-739, 2011 WL 3477022, at *5 (D. Minn. Aug. 9, 2011) (recognizing valid and binding settlement of an eviction proceeding in which party agreed to vacate the premises by agreed-upon date in lieu of eviction). Nor does Plaintiff's Complaint or her current motion present facts from which the Court can find that she has met her burden to show a likelihood of success on her claims under the False Claims Act, Fair Housing Act, or various state laws.

With respect to the fourth factor, the public interest, the Pondview Defendants argue that it is in the public interest to recognize valid settlement agreements to promote certainty and efficiency. The Court agrees, but also recognizes that there may be a public interest in protecting individuals from wrongful eviction. *See, e.g.*, *Hruby*, 2005 WL 1540130, at *5. Because there is no eviction action currently pending or threatened against Plaintiff, and in light of the fact that Plaintiff has not shown she is likely to succeed on the merits of her claims, the Court finds that the public interest factor weighs against issuance of an injunction. *See Saygnarath*, 2007 WL 1141495, at *3.

## CONCLUSION

Based upon the record, memoranda, and oral arguments, **IT IS HEREBY RECOMMENDED** that Plaintiff's Motions for Preliminary Injunctions Pursuant to Rule 65 (Docket Nos. 75 and 126) be **DENIED**.

Dated:  January 16, 2013              s/ Arthur J. Boylan
                                                                                         Chief Magistrate Judge Arthur J. Boylan
                                                                                         United States District Court

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court on or before  January 31  , 2013.