UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Inez Hunter,                                                  Sealed Civil No. 12sc2008 MJD/AJB

           Plaintiff,

v.                                                       **REPORT AND RECOMMENDATION**
                                                           **ON PLAINTIFF'S THIRD MOTION FOR**
Jane Anderson, et al.,                              **PRELIMINARY INJUNCTION**

           Defendant.

This matter is before the Court, Chief Magistrate Judge Arthur J. Boylan, on plaintiff Inez Hunter's Motion and Request for Preliminary Injunctions and Protective Order pursuant to Rule 65; and Violations of 42 U.S.C. 3617 [Docket No. 172]. Hearing was held on February 26, 2013, at the U.S. Courthouse, 300 South Fourth Street, Minneapolis, MN 55415. Plaintiff Inez Hunter appeared pro se; Pondview Townhomes defendants were represented by Leah C. Janus, Esq., and Haley L. Waller Pitts, Esq.; and the U.S. Dept. of Housing and Urban Development ("HUD") was represented by Lonnie F. Bryan, Esq., Assistant U.S. Attorney. The motion has been referred to the magistrate judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

Based upon the motions and arguments of the parties, and for reasons discussed below, the magistrate judge recommends that the plaintiff's motion for injunctive relief be denied.

**DISCUSSION**

Plaintiff Inez Hunter commenced this action in August 2012, alleging Minnesota False Claims Act and federal False Claims Act causes of action. The complaint alleges retaliation, discrimination , breach of statutory duty, invasion of privacy, and other assertions

relating to efforts by defendant Pondview Townhomes to remove the plaintiff from her subsidized housing unit. Plaintiff was given notice that her lease was being terminated and she was required to vacate the premises by January 31, 2013, and the lease would not be extended. In anticipation of eviction, Ms. Hunter filed motions in this case for injunctive relief barring eviction. A hearing on the motions was held on January 14, 2013. The magistrate judge issued a Report and Recommendation ("R&R") on January 16, 2013, recommending that the motion for preliminary injunction be denied.[1] The R&R was adopted, and the motion for injunction was denied, by Order of the district court dated February 12, 2013. Meanwhile, defendant Pondview Townhomes proceeded with a state court eviction action in Washington County, and plaintiff advised the court at the hearing she had moved many of her belongings from the premises in anticipation of the locks being changed on the day of the hearing.

The present motion for preliminary injunction seeks essentially the same relief, i.e. a halt to eviction proceedings, that was requested in the prior motions for injunction. In the earlier R&R the court's recommendation was based in substantial part on the determination that the plaintiff had not shown irreparable harm because eviction proceedings had not been initiated and plaintiff was not facing imminent eviction. In addition, the court determined that the balance of harms did not favor issuance of an injunction, and there was little chance that plaintiff would succeed on the merits of any claim that might entitle her to the requested injunctive relief. However, the court did state that, "if Pondview or any other defendant files eviction proceedings against Plaintiff during the pendency of this lawsuit, such action would alter the status quo and

---

[1] The factual and procedural background of this case, as well as an analysis and application of the factors to be considered on a motion for injunctive relief are more thoroughly discussed in the January 16, 2013, R&R.

2

impact the Court's analysis of Plaintiff's ability to show irreparable harm warranting injunctive relief. Thus, the Court recommends that Plaintiff's motion be denied without prejudice to her ability to renew her motion in the event she faces eviction proceedings pending resolution of this action."[2]

Thereafter, by Order dated February 12, 2013, the district court adopted the magistrate judge's R&R and denied the motion for injunctive relief. In its Order the district court expressly acknowledged that an unlawful detainer action had been filed against the plaintiff since issuance of the R&R, and the filing of the eviction action was taken into account in the district court's decision to deny the injunction. The district court further expressly concluded that injunctive relief should be denied on grounds that the plaintiff was unlikely to succeed on the merits.

In the motion presently before the court the plaintiff argues that the eviction is now manifest and has caused her irreparable harm, and such action was taken in violation of the above-quoted language from the Chief Magistrate Judge's January 16, 2013, Report and Recommendation. Plaintiff's argument goes too far. While the eviction violates the spirit of the magistrate judge's statement as to the effect of eviction on irreparable harm,[3] the state action was not in violation of a federal court order. The present motion is consistent with the determination that eviction would disrupt the status quo and impact the irreparable harm analysis, but the plaintiff offers nothing new to overcome the express conclusion that the plaintiff was not likely

---

[2] Report and Recommendation dated January 16, 2013, page 6.

[3] At the hearing the magistrate judge expressed his dismay as to defendant's decision to proceed with eviction proceedings while this federal action remains pending.

3

to succeed on the merits of the action and injunctive relief is appropriately denied for that reason.

Now therefore, based upon the entire record and file in this action, the magistrate judge makes the following:

## RECOMMENDATION

It is hereby **recommended** that plaintiff Inez Hunter's Motion and Request for Preliminary Injunctions and Protective Order pursuant to Rule 65; and Violations of 42 U.S.C. 3617 be **denied** [Docket No. 172].

Dated:     February 27, 2013    


      s/Arthur J. Boylan
Arthur J. Boylan
United States Chief Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before March 13, 2013.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.